## Southern Bell Telephone & Telegraph Co. v. Davis.

May 27, 1947.

James S. Forester, Judge.

Logan E. Patterson, Nelson Helm and Doolan, Helm, Stites & Wood for appellant.

R. L. Pope for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

Mrs. Martha E. Davis instituted this action under the Fair Labor Standards Act, 29 U. S. C. A. sec. 201 et seq., to recover additional straight time and overtime pay under the Act while she worked for the Southern Bell Telephone & Telegraph Company on an 11 hour night shift for six days a week. The period in question ran from January 11, 1941, to July 9, 1942. The overtime claimed by Mrs. Davis amounted to $772.20. From a judgment on a verdict for that amount this appeal is prosecuted.

Several defenses were advanced by the Company, but chief reliance is placed upon the charge that the Act in question does not apply to switchboard operators at telephone exchanges serving less than 500 stations. Mrs. Davis was employed at the Louisa, Kentucky exchange. According to the official records of the Company the number of stations served by that exchange during the period in question never exceeded 257. Near Louisa there are the towns of Blaine, Kentucky, Busseyville, Kentucky, and Fort Gay, West Virginia. The Company's records show that not more than 323 stations were served by all four of the exchanges during the same period. Mrs. Davis's testimony as to the number of stations served by the Louisa exchange is somewhat vague and uncertain. She placed the number at from 300 "and maybe a little over 500," but it is quite clear from her testimony that she was referring to the stations located in the telephone exchanges in the three outlying towns which are connected with the Louisa exchange by long distance lines, with the possible exception of a few direct lines to one of them; and also the number of calls placed through the Louisa exchange.

Since we have reached the conclusion that the record overwhelmingly supports the position of the Company that at no time during the period in question did the

Louisa exchange have as many as 500 stations, we shall confine our consideration to that question. The Fair Labor Standards Act, 29 U. S. C. 201-209, 29 U. S. C. A. secs. 201-209, referred to as the Federal Wage and Hour Law, was enacted in 1938. It provides minimum wage rates and maximum hours without overtime in certain industries. Under Section 13 of the Act certain employees were exempt from the wage and hour standards set up in sections 6 and 7 thereof. Subsection (a) (11) of Section 13, added by amendment in 1939, reads in part as follows:

"The provisions of sections 6 and 7 (sections 206 and 207 of this title) shall not apply with respect to * * * (11) any switchboard operator employed in a public telephone exchange which has less than five hundred stations." The reason for the exemption is set forth in the following quotation from the Congressional Committee Report (H. R. Rep. No. 1448, 76th Congress, 1st Sess., Aug. 3, 1939) upon the amendment creating this exemption:

"This bill (S. 1234) exempts from both the minimum-wage and maximum-hour standards of the act, any switchboard operator employed in a public telephone exchange which has less than 500 stations. The exemption for the operators of some small telephone exchanges is necessary to insure uninterrupted telephone communication service for the farmer and for the small rural community. Small telephone companies, on the whole, are financially unable to comply with the wage provisions of the act, and the sporadic character of the demand for services makes the application of the hours provisions of the act impracticable."

An example of the problem referred to in the foregoing quotation from the Report of the Congressional Committee may be found in Munn v. Southwestern States Telephone Co., D. C., 52 F. Supp. 663. In that case a rural telephone operator had been paid $720. She sought to recover something in excess of $2000 additional under the Fair Labor Standards Act, notwithstanding the fact that the gross revenue of her exchange for the period for which demand was made was only slightly in excess of $1500.

In its first annual report of the Wage and Hour

Division an administrative interpretation of the foregoing exemption was given as follows:

" 'Station,' in accordance with common usage in the telephone industry, means telephone instrument. The exemption therefore is based upon the number of receiving and transmitting instruments served by a particular exchange. In regard to a company which owns several exchanges, those exchanges having less than 500 stations would be entitled to the exemption, others would not."

See 2 C. C. H. Labor Law Service, par. 25, 776.03.

It is quite obvious from the provisions of the Act itself, as well as the quotation from the Report of the Congressional Committee and the interpretation placed upon it by the Wage and Hour Division, that exchanges having fewer than 500 stations (telephones) were intended to be exempt from the Act. Howard et al. v. Southern Continental Telephone Co., U. S. D. C., M. D. Tenn., — F. Supp. —; Schmidt v. Peoples Telephone Union of Maryville, Mo., 8 Cir., 1943, 138 F. 2d 13. See also Munn v. Southwestern States Telephone Co., supra. As we have indicated, the record shows conclusively that at no time during the period in question did the Louisa exchange have as many as 500 stations, and further, Mrs. Davis's own testimony showed that she was including the stations located in the three outlying towns, as well as certain calls placed through the Louisa exchange, when she arrived at her estimate of "maybe a little over 500."

Under the instruction given by the lower court the jury was permitted to find for Mrs. Davis if they believed that as operator of the Louisa exchange she serviced 500 or more stations from that switchboard. Clearly, that was in error. Under that instruction an award could have been made in favor of Mrs. Davis if she placed 500 or more long distance calls throughout the United States. As we view the case, a peremptory should have been given in favor of the Company at the conclusion of Mrs. Davis's evidence.

Wherefore, the judgment is reversed, with directions to set it aside, and for the giving of a peremptory instruction in favor of the Company at the conclusion of Mrs. Davis's evidence, if it be the same on another trial.